## JOHN SPEAK v. H. M. KINSEY.

Where the plaintiff in garnishment made affidavit that two persons, residing in the same county, but in a different county from that in which the writ issued, were indebted to the defendant, and one of the garnishees failed to answer, but the other filed an answer, in which he admitted a partnership debt from himself and the other garnishee to the defendant, and it did not appear that any further notice was taken of the former, but judgment was taken against the latter for the amount of the partnership debt so admitted, and the latter assigned for error that the debt, as a partnership debt, and that the judgment should only have rendered against him for one half thereof, it was held there was no error.

Where judgment was rendered against a garnishee for the amount admitted in his answer, it was reversed and reformed, because it did not adjudge costs to the garnishee, and because it did not declare that it should operate, when paid, as satisfaction of so much of the debt due from the garnishee to the defendant in the garnishment.

Error from San San Augustine. Tried below before the Hon. Archibald W. O. Hicks.

Speak and Willard both resided in Cass county, and were both served with process. The writ of garnishment was issued in San Augustine, and all the garnishees, except Willard, answered without commissions.

*S. M. Hyde* for plaintiff in error. Now, the plaintiff in error contends, (among other things,) that the Court below erred in rendering judgment against Speak alone, upon and for the whole amount of a partnership debt, due from the firm of Speake and Willard. Although Willard failed to answer, yet the admissions made by Speake, his former partner, in his answer, of said partnership indebtedness, were sufficient to have authorized a judgment against the late firm of Speak and Willard ; because the admission made by one of the two part-

ners, relative to a partnership transaction, which occurred during the existence of the partnership, whether made before or after the dissolution of the partnership, is competent to charge the other partner. (Collyer on Partnership, Sec. 423.)

Again : Willard having been served with process, and failing to answer, judgment could and ought to have been rendered by default against him ; that is to say, if the proper steps had been previously taken, as they should have been, in the proceedings had against him. (Hart. Dig. Arts. 49 and 51.)

But inasmuch as the necessary steps (required by the 51st Art. Hart. Dig.) to obtain the answer of Willard, were not taken by the plaintiff in the said original judgment, he could not have taken a judgment by default against Willard in the Court below ; and, as a matter of course, cannot have such a judgment rendered here. And also, inasmuch as the judgment that was rendered does not correspond, (as is required in all civil cases, Hart. Dig. Art. 769,) with the nature of the case as proved, it ought by all means to be reversed.

There was error in the said judgment in another respect, and that is in this ; it was, although not in express terms, yet by implication, rendered against Speake for a considerable portion of the costs of the proceedings had in relation to the said garnishment.

And the said judgment was bad, because it did not contain, as it should have done, anything showing that Speake and Willard were to be discharged from all liability to Butterworth, with regard to the judgment recovered by him against them, upon the payment by them, or either of them, of the amount thereof, over to the proper officer of the Court.

*O. M. Roberts* for defendant in error.

LIPSCOMB, J.   In this case a writ of garnishment was sued out against Speak, at the instance of Kinsey, administrator of

Wells, on a judgment of his intestate against Butterworth. He answered that there was a balance of a judgment unpaid in favor of Butterworth against himself and his former partner ; stating the balance, and also a note of hand given by himself and former partner, still due, and placed by Butterworth in the hands of General Henderson, which note had been brought into Court by the said Henderson. The answer was not excepted to by the plaintiff. Judgment was awarded against Speak for the balance of the judgment referred to in the answer, less ten per cent., being the attorney's lien for services, and also for the note of hand. There is no disposition made by the judgment of the costs of the garnishment against Speak, nor does the judgment direct that the amount so condemned, when paid, shall be a bar against Butterworth. The plaintiff in error asks to reverse the judgment on several grounds. We will notice those only that we regard as presenting anything worthy of observation.

The plaintiff contends that the judgment should only have been for half the amount, the partnership between Speak and Willard having been dissolved ; and that it was a partnership debt. We answer, that the former partners are both jointly and severally liable for the whole partnership debt ; and that the plaintiff in error made the joint answer of himself and Willard on a former garnishment a part of his answer. He took no exception, in the Court below, as to his liability. It would not, perhaps, bind Willard, if he should be able to show, in any future proceedings, that he had a meritorious defence ; but Speak, who answered, cannot now set up such defence, unless he could show mistake or fraud upon him in making his answers.

There is another objection better taken. The judgment of the Court should have been in favor of Speak for his costs, and it should have been, when paid, a bar to a recovery by Butterworth of the amount condemned in the hands of Speak and Willard. For this error the judgment must be reformed, or, in

other words, reversed and rendered as the Court below ought to have rendered it ; which is ordered accordingly.

Reversed and reformed.